UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC MOSLEY and JOEL FORNEY<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK, DETECTIVE MAUREEN MOONEY (Tax #926806) and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs CEDRIC MOSLEY and JOEL FORNEY, by their attorneys, Reese Richman LLP, complaining of the Defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

Plaintiffs brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, DETECTIVE MAUREEN MOONEY (Tax #926806) and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

1

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiffs' claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiffs' federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs CEDRIC MOSLEY and JOEL FORNEY are African-American males and were at all relevant times a residents of New York City and the State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants DETECTIVE MAUREEN MOONEY (Tax #926806) and OFFICERS "JOHN DOE" #1 through #15 are and were at all relevant times police or correction officers,

supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## **FACTS**

11. On or about August 23, 2012, Plaintiffs were lawfully present at or near the intersection of Pennsylvania Avenue and Wortman Avenue, in Kings County.

12. Plaintiffs witnessed an unmarked police vehicle pick up a woman who was walking on the other side of Pennsylvania Avenue. Soon after, the woman was released from the vehicle and began talking to Plaintiffs.

13. After Plaintiffs spoke with the woman, several plain clothes NYPD officers in the unmarked police vehicle exited and surrounded Plaintiffs. One of these officers was arresting officer Detective Maureen Mooney (Tax #926806).

14. Despite a complete lack of reasonable suspicion or probable cause, Plaintiffs were stopped, frisked, and detained in handcuffs on the side of the road for approximately two hours. Defendant officers found no contraband on Plaintiffs' persons or within their vicinity.

15. Eventually, Plaintiff Forney was released and allowed to return home. However, Defendant officers unlawfully arrested Plaintiff Mosley despite a complete lack of reasonable suspicion, probable cause or any circumstances whatsoever to warrant a belief that Plaintiff Mosley was acting unlawful. Plaintiff Mosley was arrested under arrest number K12681802 and transported to NYPD's 7th Precinct for processing.

16. Defendant officers, with no probable cause to believe that criminal charges against Plaintiff Mosley could succeed, issued legal process against him, charging him with many crimes, including multiple felonies.[1]

17. Plaintiff Mosley was arraigned in Kings County Criminal Court (under Docket No. 2012KN070737) on the basis of an accusatory instrument that was based on false allegations, and false sworn statements, and had bail set at $200,000 dollars. As a result, Plaintiff Mosley was forced to wait in jail for six (6) days until his grand jury proceeding before he was released.

18. Plaintiff Mosley had all charges terminated in his favor on February 22, 2012 (Certificate of Disposition No. 432123).

19. Plaintiff Mosley filed a Notice of Claim with Defendant CITY's Comptroller on May 10, 2013. Plaintiff's Notice of Claim was assigned number 2013PI012282. At least thirty (30) days have elapsed since Plaintiff Mosley's Notice of Claim was filed and no payment or adjustment thereof has been made.

---

[1] Plaintiff Mosley was charged with violating NYPL 230.34, NYPL 230.30, NYPL 135.05, NYPL 230.20 and NYPL 110-120.00.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

20. Plaintiffs CEDRIC MOSLEY and JOEL FORNEY repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

22. All of the aforementioned acts by Defendants deprived Plaintiffs of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

23. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, violated Plaintiffs' civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

26. By these actions, these Defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

27.	Plaintiff CEDRIC MOSLEY repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

28.	As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

29.	As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement; Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

30.	As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers.  Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

31.	Plaintiff CEDRIC MOSLEY repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

32.	Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

33.	Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff, who had never been arrested and was acting

lawfully, to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

34. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the arrest numbers of the NYPD. This abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

35. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER NEW YORK COMMON LAW

36. Plaintiff CEDRIC MOSLEY repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

37. Defendants employed regularly issued legal process against Plaintiff to forbear him of liberty and the lawful use of property.

38. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

39. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process.

40. Defendants' abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes.

41. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

42. Plaintiff CEDRIC MOSLEY repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

43. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

44. The criminal charges against Plaintiff were terminated in his favor.

45. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

46. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

47. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION IN VIOLATION OF NEW YORK COMMON LAW

48. Plaintiff CEDRIC MOSLEY repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

49. Defendants charged Plaintiff with violating New York laws falsely, maliciously, in bad faith, and without probable cause.

50. Plaintiff suffered a deprivation of liberty in connection with his prosecution.

51. The prosecution of Plaintiff was terminated in his favor.

52. The Defendants' actions violated Plaintiff's rights under New York state law to be free from malicious prosecution.

53. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### SEVENTH CLAIM FOR RELIEF
### NEGLIGENCE

54. Plaintiff CEDRIC MOSLEY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

55. Defendants had a legal duty to Plaintiff, including the duty to act reasonably and the duty to Plaintiff to not violate his civil rights or damage his property.

56. Defendants' actions in unlawfully arresting Plaintiff, unlawfully depriving Plaintiff of liberty and property, and unlawfully damaging Plaintiff's property, among other acts against Plaintiff constituted a breach of Defendants' duty.

57. As a consequence of Defendants' actions as described herein, Plaintiff suffered a deprivation of his civil rights, deprivation of property and suffering, and has been otherwise injured.

58. Defendants' actions herein inflicted emotional distress upon Plaintiff.

59. Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

60. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### EIGHTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE NEW YORK CONSTITUTION

61. Plaintiff CEDRIC MOSLEY repeats each and every allegation contained in the

paragraphs above and incorporates such allegations by reference herein.

62. Defendants' acts and omissions were a direct and proximate result of Plaintiffs and deprivation of his rights under Article I, Section 12 of the New York Constitution to be secure in his person and effects, against unreasonable searches and seizures, without probable cause.

63. The unlawful searches, false arrests, and false imprisonment of Plaintiff were the direct and proximate result of a policy or practice of the City.

64. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### NINTH CLAIM FOR RELIEF
### FALSE ARREST AND IMPRISONMENT IN VIOLATION OF NEW YORK COMMON LAW

65. Plaintiff CEDRIC MOSLEY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

66. Plaintiff was detained and imprisoned in the absence of probable cause, was at all times aware of his confinement, and the arrest and confinement were not privileged or excused.

67. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has been deprived of his rights under New York law to be free from false arrest and false imprisonment.

68. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### TENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

69. Plaintiffs CEDRIC MOSLEY AND JOEL FORNEY repeat and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

70. Defendants searched and seized Plaintiffs, and prosecuted Plaintiff Mosley, despite a complete lack of cause against them, notwithstanding their knowledge that such actions would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

73. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include detaining minority males without individualized reasonable suspicion based on articulable facts or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification. These unlawful policies are presently under review in this court in the matter of Floyd v. City of New York, et. al. 08-CV-1034 (SAS)(HBP).

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiffs' constitutional rights.

76. Defendant CITY, as municipal policymaker in the training and supervision of Defendants DETECTIVE MAUREEN MOONEY (Tax #926806) and OFFICERS "JOHN DOE" #1

through #15, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

77. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiffs' constitutional rights.

78. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiffs as alleged herein.

80. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from malicious prosecution;

    c. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

    d. To be free from infliction of emotional distress; and

    e. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         August 13, 2013

                                        Respectfully submitted,

                                        _____

                                        Kim E. Richman
                                        *Attorney for Plaintiff*
                                        **REESE RICHMAN LLP**
                                        875 Avenue of the Americas, 18th Floor
                                        New York, New York  10001
                                        Telephone: (212) 643-0500